IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASSANDRA RENEE DAN-FODIO, : <br> : <br> Appellant, : <br> : <br> v. : <br> : <br> WILMINGTON SAVINGS FUND : <br> SOCIETY, FSB, : <br> : <br> Defendant. : | CIVIL ACTION NO. <br> 1:18-CV-25-LMM |

## ORDER

This case comes before the Court on Appellant's appeal from a dismissal order entered by the United States Bankruptcy Court for the Northern District of Georgia [1] and Appellant's Motion for Continuation of Automatic Stay [10]. After due consideration, the Court enters the following Order:

### I.   BACKGROUND

On August 31, 2017, Appellant Cassandra Renee Dan-Fodio filed a Chapter 13 Petition in the United States Bankruptcy Court for the Northern District of Georgia. Dkt. No. [6-1]. On the same day, Appellant served discovery requests, including interrogatories, requests for admission, and a request for the production of documents on Appellee Wilmington Savings Fund Society, FSB. Dkt. No. [6-15] at 9-26. On September 15, 2017, Appellant filed a Chapter 13 plan. Dkt. No. [6-10]. In response to Appellant's discovery requests, Appellee moved

the Bankruptcy Court to relieve it from responding to Appellant's discovery. The Bankruptcy Court granted Appellee's discovery motion at an October hearing, reasoning that Appellant's request for discovery was premature in the absence of a contested matter or adversarial proceeding. Dkt. No. [6-22].

As to Appellant's Chapter 13 plan, the Trustee filed nineteen objections to the plan's confirmation in October, including Appellant's failure to disclose her income in the prior six months, her failure to disclose the gross and net income of Appellant's non-filing spouse's law firm, and a lack of a bankruptcy purpose in the case. Dkt. No. [6-20]. The Trustee also filed a motion to dismiss the case pursuant to 11 U.S.C. § 109(g)(1). Id. On November 16, 2017, the Bankruptcy Court held a hearing on the Chapter 13 plan confirmation. Hr'g Tr., Dkt. No. [11-3]. At the hearing, the Bankruptcy Court instructed Appellant to cure the Trustee's objections, warning her that a failure to cure the objections would result in a dismissal of the case.[1] Id. The next day, Appellant filed a Motion for Discovery under Rule 2004. See Dkt. No. [6-47] at 3.

On December 18, 2017, the Bankruptcy Court held another plan confirmation hearing and found that Appellant had failed to cure the Trustee's objections. Hr'g Tr., Dkt. No. [11-1]. Consequently, the Bankruptcy Court

---

[1] Appellant's case was placed on status for debtor to cure objections at this time. Dkt. No. [6-47] at 4.

dismissed the case, entering a formal order on December 22, 2017.[2] Dkt. No. [1-1]. Then, on January 2, 2018, Appellant filed a Notice of Appeal, appealing the dismissal to this Court. Dkt. No. [1]. Appellant subsequently filed a Motion for a Continuance of Automatic Stay on March 1, 2018. Dkt. No. [10]. The Court will now consider the appeal and Motion together.

## II.   ANALYSIS

### a. Appeal of Bankruptcy Court's Dismissal Order

#### i. Legal Standard

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a). "The factual findings of the bankruptcy court cannot be set aside unless they are clearly erroneous." In re Graupner, 537 F.3d 1295, 1299 (11th Cir. 2008). The Court is not authorized to make independent factual findings. In re Sublett, 895 F.2d 1381, 1384 (11th Cir. 1990). A finding of fact is clearly erroneous "if the record lacks substantial evidence to support it," Thelma C. Raley, Inc. v. Kleppe, 867 F.2d 1326, 1328 (11th Cir. 1989) (per curiam), so that the court has the "definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Legal conclusions by the bankruptcy court, however, are reviewed *de novo*. In re Club Assocs., 951 F.2d 1223, 1228

---

[2] In the written order, the Court noted that Appellant had filed three previous unsuccessful Chapter 13 cases, all of which were dismissed prior to confirmation, and, here, Appellant failed to file a confirmable plan and failed to cure all of the Trustee's objections regarding Appellant's Chapter 13 Plan, schedules, and proof of income. Dkt. No. [1-1].

3

(11th Cir. 1992). "The denial of a motion to alter or amend judgment [under Federal Rule of Civil Procedure 59(e)] is reviewed for an abuse of discretion." In re Laurent, 193 F. App'x 831, 832 (11th Cir. 2006) (citing Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)).

### ii. Discussion

The Bankruptcy Court dismissed Appellant's Chapter 13 case because Appellant failed to produce her income, cure the Trustee's objections, and resolve the lien on her mortgage, and Appellant's failures were prejudicially delaying creditors. Dkt. No. [11-1] at 14–15. Appellant appeals on the following issues: (1) whether Appellant's due process rights were violated when she was not permitted to conduct discovery, and (2) whether the Bankruptcy Court abused its discretion by requiring Appellant to hire an attorney and file an adversary proceeding prior to Confirmation to avoid dismissal [12]. The Court will address each in turn.

### 1. Appellant's Discovery Request

Appellant first summarily argues that the Bankruptcy Court erred in ruling that Appellant's discovery requests were premature because Appellee had not been properly served and Appellee had not become a party of interest in the case. See App't Br., Dkt. No. [12] at 2. However, the Federal Rules of Bankruptcy and Civil Procedure, which Appellant attempted to invoke below, may only be used when a contested matter or an adversary proceeding is present. See Fed. R. Bankr. P. 7033-34, 7036, 9014(c) (providing that the relevant discovery provisions only apply in contested matters or adversary proceedings); In re

4

Comdisco, Inc., No. 06 C 1535, 01 B 24795, 2006 WL 2375458, at *6–7 (N.D. Ill. Aug. 14, 2006) (explaining that discovery may be made pursuant to the Federal Rules of Civil Procedure only when an adversary proceeding or contested matter has commenced); In Re French, 145 B.R. 991, 992 (Bankr. D.S.D. 1992) (explaining that if a contested matter or adversary proceeding is pending, the Federal Rules of Civil Procedure, rather than the Bankruptcy Rules of Procedure, should be used); In re Analytical Sys., Inc., 71 B.R. 408, 411 (Bankr. N.D. Ga. 1987) (explaining the Bankruptcy Rules adopted the Rules of Civil Procedure in adversary proceedings and contested matters).

At the time Appellant served her discovery requests, there was neither a contested matter nor an adversary proceeding present. Thus, after reviewing the record, it is clear that the Bankruptcy Court did not err by granting Appellee's Motion to relieve it from having to respond to Appellant's discovery. Dkt. No. [11-2] at 10–11 ("At this point in this case we don't have either a contested matter or an adversary proceeding pending. So the Federal Rules of Discovery are not able to be used.").

Appellant also argues that that the Bankruptcy Court erred when it failed to rule on Appellant's subsequent November 17, 2017 Rule 2004 discovery motion before dismissing the case on December 18, 2017. However, when the Bankruptcy Court dismissed Appellant's case, all outstanding motions were rendered moot, including Appellant's discovery motion. Cox v. United States, No. 16-16019-CC, 2017 WL 4954805, at *1 (11th Cir. March 24, 2017) (denying appellant's

response, which the court construed as a motion to stay briefing, as moot after appellee's motion to dismiss the appeal was granted). Accordingly, the Bankruptcy Court did not err by failing to rule on Appellant's discovery motion before dismissing the case.

### 2. Attorney Requirement

Appellant also argues that the Bankruptcy Court abused its discretion by requiring Appellant to hire an attorney and file an adversary proceeding. However, Appellant fails to provide any argument or authority to support for this issue in her brief [12].

After a review of the record, it appears that Appellant misstates the Bankruptcy Court's alleged attorney mandate. Rather than requiring Appellant to hire an attorney, the Bankruptcy Court instead gave Appellant the option to do so within a reasonable time frame. Dkt. No. [11-1] at 14 ("I've instructed you that you have to get a lawyer to file the lawsuits that need to [be] filed or that you need to be prepared to file those yourself and you haven't done so.").

As to the requirement to file an adversary proceeding, Federal Rule of Bankruptcy Procedure 7001(2) states that one of the purposes of adversary proceedings is to "determine the validity, priority, or extent of a lien or other interest in property." Appellant's mortgage was one such property interest at issue. However, Appellant's failure to resolve that lien through an adversary proceeding prevented Appellant's case from progressing and also indicated her lack of transparency throughout the proceedings. This lack of transparency

appears to lie at the heart of the Trustee's objections, which remained uncured. Dkt. No. [11-1] at 14. Thus, the Bankruptcy Court's dismissal, which cited Appellant's failure resolve the issue with her mortgage company after asking her to do so on two occasions, was not an abuse of discretion. Id.

Having conducted a review in accordance with the above-stated legal standard, the United States Bankruptcy Court for the Northern District's dismissal order is hereby **AFFIRMED**.

### b. Motion for Continuation of Automatic Stay

The Federal Rules of Bankruptcy Procedure allow a party to file a motion to stay during a pending appeal with the district court where the bankruptcy appeal is pending. Diamond v. Bank of Am., No. 1:15-CV-04253-ELR, 2016 WL 10655559, at *1 (N.D. Ga. Mar. 31, 2016) (holding that a motion to stay "is governed by Fed. R. Bankr. P. 8007, which provides that a party may move the bankruptcy court or the court where an appeal is pending to stay a 'judgment, order, or decree of the bankruptcy court pending appeal'"). As Appellant's appeal is no longer pending, her Motion [10] is **DENIED, as MOOT**.

### III. CONCLUSION

In accordance with the foregoing, the Court **AFFIRMS** the Bankruptcy Court's Order dismissing Appellant's case. Accordingly, Appellant's Motion for Continuation of Automatic Stay [10] is **DENIED, as MOOT**. The Clerk is directed to deliver a certified copy of this Order to the United States Bankruptcy Court, Northern District of Georgia, Atlanta, Division.

**IT IS SO ORDERED** this 1st day of May, 2018.

_____
Leigh Martin May
United States District Judge